The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
 Prior to the initial hearing set for January 24, 1995, the parties by Pre-Trial Agreement dated January 13, 1995 entered into the following:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, are subject to and bound by the provisions of the Worker's Compensation Act.
2. The Commission has jurisdiction over the parties and of the subject matter.
3. The employer-employee relationship existed between plaintiff and defendant.
4. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of the parties.
5. The plaintiff does not have asbestosis at the present time.
6. The plaintiff's employment with defendant employer provided exposure to asbestos materials.
7. The plaintiff's last injurious exposure to asbestos was with defendant employer in February of 1983.
8. The plaintiff was employed with defendant employer from 1960 to 1985 at which time he took early retirement and has not been employed since.
* * * * * * * * * *
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
FINDINGS OF FACT
1. The plaintiff does not have asbestosis at the present time.
2. The plaintiff's employment with defendant employer provided exposure to asbestos materials.
3. The plaintiff's last injurious exposure to asbestos was with defendant employer in February of 1983.
4. The plaintiff was employed with defendant employer from 1960 to 1985 at which time he took early retirement and has not been employed since.
5. Plaintiff did not experience the symptom of shortness of breath until after his retirement. (K.D. p. 18-19)
6. Dr. Rand, a medical doctor specializing in internal medicine, first examined plaintiff for his pulmonary condition in February of 1988 on referral by Dr. Troutman, plaintiff's family physician. (R.D. p. 6)
7. Dr. Rand's diagnosis was hypertension, high cholesterol, mucous impaction in right ear, mild to moderate obstructive ventilatory defect, left lower quadrant anterior abdominal wall hernia, osteoarthritis, fixation of his spine, prostate hypertrophy and minimal postural hypotension and history of asbestos exposure. (R. D. p. 6) Dr. Rand did not relate any symptoms experienced by plaintiff to asbestos exposure. (R.D. p. 13-15)
8. Dr. Rand next saw plaintiff in 1991. (R.D. p. 15) None of the test performed by Dr. Rand indicated that plaintiff suffered from any restrictive lung disease or asbestosis. All symptoms experienced by him and all lung function studies performed revealed obstructive lung disease which was related to his cigarette smoking and chronic bronchitis. (R.D. pp. 16-22) At no time did Dr. Rand relate any symptoms or abnormal test results to asbestos exposure. Plaintiff's shortness of breath appeared to be caused by pollen and dust allergies. (R.D. p. 17)
9. Dr. Kunstling, a medical doctor specializing in pulmonary diseases and internal medicine, first examined plaintiff on June 23, 1992 on referral by the North Carolina Industrial Commission. (K.D. P. 4, 10)
10. Plaintiff reported a four to five year history of shortness of breath with exertion and a forty year cigarette smoking history of two packs per day. (K.D. p. 12)
11. Dr. Kunstling's examination revealed bilateral pleural plaques in the lower thoracic area with no calcification, no pulmonary fibrosis and no neoplasm, or mesothelioma or bronchogenic carcinoma. (K.D. pp. 13-21)
12. Dr. Kunstling's diagnosis for plaintiff included bilateral pleural plaque formation with history of asbestos exposure with no evidence of pulmonary fibrosis or restrictive pulmonary impairment due to asbestosis or neoplasm; chronic obstructive pulmonary disease with moderate obstructive impairment primarily due to cigarette smoking; cigarette abuse; history of anxiety disorder; non-insulin dependent diabetes mellitus; and hypercholesterolemia. (K. D. p. 13 and Medical Report dated June 23, 1992)
13. In March of 1994, Dr. Rand examined plaintiff and determined that plaintiff had bilateral pleural plaques from asbestos exposure and also, spondylitis which was not related to asbestos exposure. (R.D. p. 28)
14. Dr. Rand examined plaintiff in January of 1995 at which time plaintiff reported a respiratory tract illness causing extreme shortness of breath when combined with his chronic obstructive lung disease. (R.D. p. 29-30) In addition, plaintiff continued to suffer from inhalant allergies which caused shortness of breath (R.D. p. 32) Dr. Rand was unable to relate any abnormality in plaintiff's breathing test to restrictive lung disease caused by asbestos exposure, but could relate it to his obstructive lung disease and restrictive lung disease caused by rheumatoid spondylitis. (R.D. pp. 33-35, 39)
15. Plaintiff has a respiratory impairment due to his obstructive lung disease related to his cigarette smoking, not to asbestos exposure or any condition resulting therefrom. (K.D. P. 22 and Medical Report dated June 23, 1992)
16. Plaintiff's symptom of shortness of breath is related to his obstructive lung disease. (K.D. P. 19) (R.D. pp. 29-30)
17. Plaintiff has no impairment of lung function or loss of use of his lungs as a result of the formation of bilateral pleural plaques. (K.D. p. 15)
18. Plaintiff Is lungs are less stiff than normal with greater compliance than normal. (K.D. p. 26)
19. Pleural plaque formation has no effect on pulmonary, or lung function. (K.D. p. 14, 29) (R.D. p. 36)
20. Impairment of lung function is synonymous with loss of use or breathing difficulty. (K.D. p. 22)
21. Pulmonary fibrosis or asbestosis is most likely to develop during or close to the asbestos exposure, not years later. (K.D. p. 24)
22. Pleural plaque formation is not a disease. (K.D. p. 23) (R.D. p. 10)
23. There is no treatment for pleural plaque formation or need for medical monitoring as a sole result of pleural plaque formation. (K.D. pp. 15, 23) (R.D. p. 11)
24. The formation of pleural plaques alone does not place a person at a greater risk than the general public of developing the asbestos related diseases asbestosis or cancer (mesothelioma or bronchogenic carcinoma). (K.D. p. 9, 23-24, 25, 26) (R.D. p. 24, 26-27)
25. Cigarette smoking by a person with a history of asbestos exposure is at an increased risk of developing asbestosis or cancer and cessation of smoking is strongly recommended. (K.D. p. 27) (R.D. p. 9)
* * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. All parties are properly before the Industrial Commission, are subject to and bound by the provisions of the Worker's Compensation Act.
2. The Commission has jurisdiction over the parties and of the subject matter.
3. The Employer-employee relationship existed between plaintiff and defendant.
4. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of the parties.
5. The plaintiff is not entitled to compensation pursuant to N.C. Gen. Stat. 97-29, 30, and 61.5.
6. The plaintiff has not contracted an occupational disease pursuant to N.C. Gen. Stat. 97-31(24).
7. The formation of pleural plaques does not constitute an occupational disease under N.C. Gen. Stat. 97-53(13).
8. The formation of pleural plaques does not entitle the plaintiff to compensation pursuant of N.C. Gen. Stat.97-31(24) because he has not sustained a loss, permanent injury or impairment to an internal organ.
9. The plaintiff is not entitled to reimbursement for medical expenses, past or future, because his pleural plaque formation requires no treatment for relief or cure and does not require monitoring in and of itself. Little v. Penn VentilatorCo., 317 N.C. 206, 345 S.E.2d 204 (1986).
* * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for compensation pursuant to N.C. Gen. Stat. 97-31(24) is HEREBY DENIED.
2. Plaintiff's claim for medical expenses, past and future, is HEREBY DENIED.
IT IS FURTHER ORDERED that this case be removed from the Full Commission hearing docket.
 S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
JHB/nwm 08/12/96